UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRIS DUBRAY | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| v. | ) |
| | ) |
| JIM TRENARY FORD, INC. | ) |
| | ) |
| Registered Agent William O'Connor | ) |
| 501 Auto Mall Drive | ) |
| O'Fallon, MO 63388 | ) |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Chris Dubray ("Plaintiff"), and for his Petition states as follows:

### INTRODUCTION

1. This is an action for unpaid minimum wage compensation and attorney's fees and costs for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq. ("FLSA").

2. This is also an action for nonpayment of wages in contravention of Missouri's Minimum Wage Law, Mo. Rev. Stat. § 290.505 et seq. ("MMWL"), for Defendant's failure to provide Plaintiff's final paycheck, and for breach of contract.

3. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION AND VENUE

4. This Court has jurisdiction of all claims because Plaintiff's primary cause of action is for nonpayment of wages pursuant to 29 U.S.C. § 206 et seq. Accordingly, this Court

1

has federal question jurisdiction of this FLSA matter pursuant to 28 U.S.C. § 1331 because this is a "civil action arising under the.. Laws… of the United States."

5. This Court has supplemental jurisdiction with respect to Plaintiff's other claims for violation of Missouri's minimum wage laws and for breach of contract because these claims arise out of the same transaction and occurrence that give rise to Plaintiff's FLSA claims, namely Defendant's failure to pay Plaintiff his wages. As such, this Court may properly exercise supplemental jurisdiction over these related claims pursuant to 28 U.S.C. § 1367.

6. All relevant actions of Plaintiff and Defendant occurred within the Eastern District of Missouri in the Eastern Division because Plaintiff and Defendant were residents of Lincoln County, Missouri and the work that Plaintiff provided for Defendant were provided in the Lincoln County, Missouri. Plaintiff suffered the harms described herein in this District. Venue is therefore proper in this District.

**PARTIES**

7. Plaintiff is a natural person currently residing in Missouri.

8. Defendant Jim Trenary Ford, Inc. ("Trenary") is a Missouri entity that transacted business in Lincoln County, Missouri during all times relevant to this Petition. Trenary sells new and used cars, sells car parts, provides automotive service, and offers financing.

9. Defendant has, at all times relevant, been an "enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. §203(b), because it sells automobiles in interstate commerce and it employs more than one employee.

10. At all relevant times, on information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206(a).

11. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

12. On information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

13. At all times relevant, Plaintiff worked as a shop worker performing basic tasks and other menial functions as directed by Trenary.

14. Plaintiff did not manage any personnel, nor did he make any decisions about how Trenary was operated.

15. Trenary provided Plaintiff with the equipment he needed to perform his work for Defendant.

16. Trenary controlled all aspects of Plaintiff's job duties and description and his day to day tasks while Plaintiff worked for Trenary.

17. Trenary had the power to hire or fire Plaintiff.

18. Trenary set Plaintiff's work schedule and rate of pay.

19. Trenary was responsible for paying Plaintiff.

20. Treanry reviewed and controlled Plaintiff's employment records, including all records pertaining to his rate of pay, compensation, and hours worked.

21. Plaintiff was not part of a union.

22. At all times relevant, Trenary was Plaintiff's employer within the meaning of Section 290.500(4).

23. At all times relevant, Plaintiff was the employee of Trenary within the meaning of Section 290.500(3).

**FACTS**

24. From January 2019 through approximately June 2019, Trenary had an agreement with Plaintiff whereby Plaintiff would work as a basic tech at an auto-dealership.

25. In exchange for Plaintiff's labor, Trenary agreed to compensate him at a set hourly rate.

26. In January 2019, Plaintiff's standard rate was $11.00 an hour.

27. As part of Plaintiff's contract, after 90 days of employment with Trenary, Plaintiff would receive an increase to his hourly rate if Trenary chose to employ him after 90 days.

28. Trenary refused to provide Plaintiff with the increase to his hourly rate that was due under the contract, even though Plaintiff continued to perform his job functions for Trenary after 90 days of employment.

29. Trenary had no excuse or justification for not providing the hourly rate increase.

30. In June, Trenary terminated Plaintiff.

31. Plaintiff was owed at least eight hours of unpaid time, and possibly more, when he was terminated by Trenary.

32. Plaintiff worked these hours and Trenary refused to compensate him at all, much less pay him minimum wage or his contract rate.

33. Plaintiff made multiple demands for his final wages to Trenary.

34. Trenary failed and refused to pay Plaintiff the full amount of his last paycheck.

35. On July 25, 2019, Plaintiff sent a writing pursuant to Missouri Statute § 290.140 to Trenary.

36. The writing was addressed to David Post, Plaintiff's manager and supervisor at Trenary.

37. The writing requested that Trenary provide Plaintiffs's last paycheck and informed Trenary that he needed the money.

38. To date, Trenary has consistently refused to provide Plaintiff with his final paycheck.

39. As a result of this failure, Plaintiff has been damaged in that he has suffered lost wages, duress, hardship, and frustration.

## COUNT I – VIOLATION OF THE FLSA

40. Plaintiff incorporates by reference all prior paragraphs.

41. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at least the statutory minimum wage, when it knew or should have known such was due and that non-payment would financially injure Plaintiff.

42. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

43. Plaintiff is entitled to an award of his reasonable attorney's fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award him unpaid minimum wages due under the FLSA, liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages pursuant to FLSA, prejudgment and post-judgment interest, expenses associated with this action, together with reasonable attorney's fees, and such other and further relief as this Court determines to be just and proper.

## COUNT II - MMWL, § 290.110, & § 290.140

44. Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

45. In violation of Missouri Statute 290.502(1), Trenary refused to pay Plaintiff whatsoever for regular time hours worked on his last day of employment.

46. Trenary is liable to Plaintiff for the full amount of the regular time wages that it failed to pay him, in addition to an equal amount as liquidated damages.

47. Trenary is liable to Plaintiff for the contract rate of his wages, $11.00 per hour, for a number of days, up to sixty, beginning when Plaintiff was discharged and lasting until Plaintiff is paid, because Trenary has refused to provide Plaintiff's last paycheck to him despite receiving written notice that Plaintiffs demanded this check in accordance with Mo. Rev. Stat. § 290.110.

48. Trenary is liable to pay Plaintiffs's attorneys' fees and costs.

49. Trenary's actions set forth above damaged Plaintiff such that Plaintiff has suffered a substantial loss of money and has had to expend significant court costs and attorneys' fees as a result of Trenary's actions set forth herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award him actual damages, compensatory damages, nominal damages, punitive damages, double the amount of unpaid regular time, and remit court costs, attorneys' fees, and all other and further relief that the Court deems just and proper.

## COUNT III - BREACH OF CONTRACT

50. Plaintiff incorporates all prior paragraphs as if fully stated herein.

51. Plaintiff and Trenary entered into a contract whereby Trenary was to pay Plaintiff a set hourly wage for his work and then receive an increase in his hourly wage after 90 days.

52. In exchange, Plaintiff promised to, and in fact did, work the hours that Trenary dictated.

53. Over the relevant time period, Plaintiff performed all such work in accordance with the parties' contract.

54. Trenary breached the agreement by failing to pay Plaintiff for regular hours, and for failing to provide Plaintiff his pay raise after 90 days as set forth *supra*.

55. Trenary's breach of the parties' contract is without excuse or justification.

56. Trenary's breach of the parties' contract has caused Plaintiff to suffer damages as set forth herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, award him damages consisting of the unpaid regular wages, unpaid overtime wages, consequential damages, and that this Court award Plaintiffs all other and further relief that the Court deems just and proper.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas
Richard A. Voytas, Jr. # 52046 MO
Ethan W. Gee #70075 MO
Ross & Voytas, LLC
12444 Powerscourt Drive Suite 370
St. Louis, MO 63131
(314) 394-0605 (telephone)
(314) 636-333-1212 (facsimile)
rick@rossvoytas.com
ethan@rossvoytas.com

Attorneys for Plaintiff